THE STATE, JOSEPH J. KISH, PROSECUTOR, v. ALBERT
G. WATERS, COMMISSIONER OF PARKS AND PUBLIC
PROPERTY OF THE CITY OF PERTH AMBOY, NEW
JERSEY, ET AL., RESPONDENTS.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Thomas L. Hanson.*

For the respondents, *Harry S. Medinets.*

PER CURIAM.

The prosecutor seems to have been employed as a sort of
a general handy man under the commissioner of Parks and
Property of Perth Amboy. He was summarily dismissed
from his employment and claims that the dismissal is illegal
because of the Exempt Firemen's act of 1911 (*Pamph. L.,
p.* 444), which provides, among other things, that no person
then holding a position or office under the government of
any city, &c., of this state, or may thereafter be appointed
to such position, whose term of office is not fixed by law
and receiving a salary, &c., who was an exempt fireman, &c.,
shall be removed except for cause and after a hearing.

The prosecutor was not appointed by any ordinance or
resolution; but was employed by the commissioner as a sort
of general utility man working at trimming trees, painter,
carpenter, &c. At first he was paid by the day but later was
placed on a salary. We do not think that he held either a
position or an office. The distinction of the three classes of

service is contained in the leading case of *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200, which cites, among other cases, *McLaughlin* v. *Jersey City,* 51 *Id.* 240; *Evans* v. *Hudson County,* 53 *Id.* 585, and *Kreigh* v. *Hudson,* 62 *Id.* 178.

We are clear that the prosecutor is not entitled to the protection of the statute invoked and, consequently, the rule to show cause will be discharged.